## TOWER HILL CONNELLSVILLE COKE CO. OF WEST VIRGINIA v. PIEDMONT COAL CO. et al.

Circuit Court of Appeals, Fourth Circuit. October 15, 1929.

No. 2846.

For former opinion, see 33 F.(2d) 703.

Thomas Watson, of Pittsburgh, Pa., and E. W. Knight, of Charleston, W. Va. (Lon H. Kelly, of Charleston, W. Va., and M. W.

Acheson, Jr., and Robert M. Steffler, both of Pittsburgh, Pa., on the brief), for appellant and cross-appellee.

E. C. Higbee, of Uniontown, Pa., and William M. Robinson and Edwin W. Smith, both of Pittsburgh, Pa. (Arthur S. Dayton, of Charleston, W. Va., on the brief), for appellees and cross-appellants.

Before PARKER, and NORTHCOTT, Circuit Judges, and WEBB, District Judge.

PER CURIAM. A petition for rehearing has been filed in this case urging: (1) That the statements in the opinion [reported in 33 F.(2d) 703] as to the purchase of preferred stock and the plan to build by-product coke ovens are an adjudication upon these matters without the Pennsylvania corporation, or its officers or directors, having been made parties to the suit; (2) that other facts and transactions have been ignored in the opinion of the court; and (3) that, if a suit should be instituted by the receivers appointed, the common stockholders of the West Virginia corporation, who are not parties and have not been heard here, would not have opportunity to be heard therein. Although we think that the merits of the case were sufficiently covered by our former opinion, we desire, in denying the petition for rehearing, to notice these contentions.

The first contention apparently arises from a fundamental misconception of our decision, which did no more than approve the appointment of receivers for the West Virginia corporation for the limited purpose of instituting suit against the Pennsylvania corporation and its officers and directors. It was uncontroverted that all of the stock of the Pennsylvania corporation was owned by the corporation of West Virginia; that the control of the latter was held by its common stock; and that no dividends were being paid on its preferred stock because no dividends were paid to it by the Pennsylvania corporation, which, however, had a large surplus consisting in large part of liquid assets. It was contended by complainants that those who controlled the common stock of the West Virginia corporation, and through it the action of the corporation of Pennsylvania, were wrongfully refusing to pay dividends on the stock of the latter corporation, which would have enabled dividends to be paid to the preferred stockholders of the former, and that their object in thus withholding dividends was to benefit the common stock of the former. Without deciding upon the merits of this controversy, we thought that there was enough evidence of the mismanagement alleged to justify the appointment of receivers for the West Virginia corporation for the limited purpose of bringing suits to test the matter. It is manifest that our holding that the evidence was sufficient to justify the appointment of receivers to institute litigation does not constitute an adjudication of the questions which they were appointed to litigate. There is no merit, therefore, in the contention that we have passed upon questions affecting the Pennsylvania corporation, its officers and directors, without their presence in court. We have not passed upon the questions, we have merely decided that they ought to be passed upon and have approved the appointment of receivers to institute litigation for that purpose.

What we have said in disposing of the first contention disposes of the second also. Inasmuch as we were not passing upon the ultimate controversy between the parties, but upon whether the evidence was sufficient to justify the appointment of receivers to institute litigation to have it passed upon, we did not deem it necessary to discuss all of the facts and circumstances of the case. We thought it sufficient to refer to two outstanding matters, the evidence as to which, in our opinion, justified the appointment of receivers to institute litigation for investigating the affairs of the Pennsylvania corporation, and for taking such further action for protecting the interests of the West Virginia corporation and its stockholders as an investigation might show to be proper.

The third contention is equally lacking in merit. The appointment of receivers to institute and conduct litigation was approved because the common stockholders of the West Virginia corporation, who control both it and the corporation of Pennsylvania, are alleged to be manipulating both corporations in their own interest and to the detriment of the holders of preferred stock. To remedy this situation, it was necessary that suit be instituted against the Pennsylvania corporation; but the corporation of West Virginia, being controlled by its common stockholders, would, of course, not institute the suit. For this reason, receivers were necessary. It is true that the common stockholders, not being citizens of West Virginia, were not made parties to the suit to appoint the receivers; but, when the receivers institute suit against the Pennsylvania corporation, the contentions of the common stockholders, who control that corporation, will be fully presented in its defense. It should be remembered that the receivers of the

West Virginia corporation are appointed merely to institute suit. They have no power to vote or otherwise control the stock which the West Virginia corporation owns in that of Pennsylvania.

Petition denied.